**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Christopher Hutton, | ) | |
| | ) | Civil Action No. 5:19-cv-02284-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Unknown John Doe, *Jailer*; | ) | |
| Brandon Pinion, *Warden*; | ) | |
| and Unknown John Doe No. 2, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Christopher Hutton ("Plaintiff") filed a Complaint against Warden Brandon Pinion and to unknown persons, alleging that his constitutional rights were violated while incarcerated at the Amite Parish County Jail in Amite, Louisiana.[1] (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") issued on August 15, 2019, that recommends that the court transfer this action to the United States District Court for the Eastern District of Louisiana. (ECF No. 8 at 4.)

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8 at 1.) Plaintiff alleges that on January 26, 2018, he was stabbed thirteen (13) times by another inmate. (*Id*.) Plaintiff claims that Defendants failed to lockdown the jail, which allowed his attacker access to his cell. (*Id*.)

## I. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution located in Bennettsville, South Carolina. (ECF No. 8 at 1.)

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## II. DISCUSSION

The Magistrate Judge concluded that the District of South Carolina is the improper venue

for Plaintiff's action. (ECF No. 8 at 3.) The Report provides: "[t]his court does not have personal jurisdiction over Louisiana-based Defendants. However, '[a] district court has the power to transfer venue under [28 U.S.C.] § 1404(a) [(2011)] even if it lacks personal jurisdiction over the defendants in the action." (ECF No. 8 at 3 n.1.) Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Further, "[b]ecause the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered." (ECF No. 8 at 4 n.2.) Here, Plaintiff has not filed objections to the Report. Therefore, because the court has no personal jurisdiction over Defendants, the court agrees that the proper venue for Plaintiff's Complaint is the United States District Court of Louisiana.

## III. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Louisiana.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 24, 2019
Columbia, South Carolina